### T. J. HAYES PRINTING CO. v. SPRINGER.

(Supreme Court, Appellate Term.  May 24, 1910.)

1. PLEADING (§ 139*)—NECESSITY OF PLEADING—"MATTER OF COUNTERCLAIM."

Under a plea of payment in an action for price of printing, defendant cannot show what, under a lease, was due him from plaintiff for excess power furnished; this, under Code Civ. Proc. §§ 500, 501, being "matter of counterclaim," to be pleaded as such.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 287; Dec. Dig. § 139.*

For other definitions, see Words and Phrases, vol. 2, pp. 1645–1650; vol. 8, pp. 7620, 7621.]

2. SALES (§ 77*)—CONTRACT—PROVISIONS FOR PAYMENT IN WORK.

A contract of sale of a printing plant provided for payment thereof in printing of the kind, character, and quality and at the prices set forth in a certain schedule.  The contract, while setting out with particularity

the price of small details, mentioned no price for printing "gallery slips," which it provided should be printed "from cast in programme, on newspaper or waste paper." *Held,* that it was the intention not to charge therefor.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 208–212; Dec. Dig. § 77.*]

3. SALES (§ 77*)—CONTRACT—PROVISIONS FOR PAYMENT IN WORK.

A contract for sale of a printing plant, to be paid for in printing, provided, relative to printing theater programmes for two years, that "copy of or cast for insertion in the programmes shall be furnished each week three days in advance of the time the first lot of programmes are to be delivered," and specified the price of programmes, "including alterations of cast and attraction announcements." *Held,* that it was contemplated that transfers of advertisements from one part of the programme to another and insertions of new advertisements should be made from time to time without extra charge.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 208–212; Dec. Dig. § 77.*]

Appeal from City Court of New York, Trial Term.

Action by the T. J. Hayes Printing Company against John H. Springer. From a judgment on a verdict for plaintiff for $1,114.13, and from an order denying a motion for a new trial, defendant appeals. Modified and affirmed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Philip Carpenter (Frank Parker Ufford, of counsel), for appellant.

Charles L. Hoffman (Henry A. Friedman, of counsel), for respondent.

PAGE, J. The action was brought to recover a balance alleged to be due for printing done by the plaintiff for the defendant. The material facts in the case are that Timothy J. Hayes purchased from the defendant a certain printing plant, situate on the second floor of Nos. 242–244 West Forty-First street, in the city of New York, for the sum of $8,500, $500 of which were paid at the time of the transfer, and $8,000 was to be paid on or before 2½ years thereafter. At the same time the defendant and said Hayes entered into a lease of the said premises from the 1st day of May, 1907, to the 30th day of April, 1908, at a yearly rental of $2,400, payable in equal monthly installments of $200 per month. Payment of the said $8,000 was secured by a chattel mortgage upon the plant and lease. The contract entered into between the defendant and Hayes provided that the defendant would accept payment on account of the said $8,000 in printing of the kind, character, and quality and at the prices set forth in schedule B annexed to and made part of the said contract. Hayes then formed the plaintiff corporation, which assumed the above-mentioned contract, lease, and mortgage. The plaintiff, pursuant to the contract, did printing for the defendant, which in the aggregate, up to November 1, 1908, amounted to $8,009.90, and the balance over and above the $8,000— that is, $9.90—is set forth as the first cause of action in the complaint. The second cause of action is for a balance alleged to be due for printing done between November 1, 1908, and January 1, 1909; and the third cause of action is for a balance of $4.50 alleged to be due for

printing during the month of January, 1909. The answer is a general denial, and a defense of payment. The plaintiff conceded a reduction of $12 on the trial, and the jury returned a verdict for the plaintiff for the full amount claimed, less the said $12.

The defendant offered in evidence the lease, and asked a number of questions predicated upon the agreement in the lease for a payment for excess horse power furnished to the plaintiff by the defendant as landlord of the premises. Such evidence was properly excluded, as it was not relevant under the issues as framed by the pleadings. It could only be received if the facts pertinent thereto had been set forth in the answer as a counterclaim. Code Civ. Proc. §§ 500, 501. It could not be received under the plea of payment. Jennings v. Osborne, 2 City Ct. R. 195, 197.

The appellant further urges that certain deductions should have been made from plaintiff's claim. We do not find, as to the first item, that any allowance should be made for programmes of less than 32 pages. Had there been any intention to make the price dependent upon the number of pages, there would have been some scale of prices mentioned in schedule B. It seems clear that it was intended to fix the cost of programmes of any size up to 32 pages. As to the fourth item, there is evidence tending to sustain the plaintiff's contention that interest was adjusted up to November 1, 1908. The fifth item is a claim for furnishing additional horse power, and under the pleadings could not be allowed in this action. The charge for printing "gallery slips," amounting to $321.25, we think should have been deducted. No mention is made in the contract of any price for gallery slips, although the price of small details is set out with particularity. The language of the contract, "Gallery slips to be printed from caste in programme, on newspaper or waste paper," shows that no composition was contemplated, and that the paper was to be of the cheapest kind, thus leaving nothing but presswork. No provision being made for payment for this work, it seems clear that it was the intention of the parties that no charge should be made. The charge for inserting new advertisements and making alterations in the programmes, amounting to $205.60, should also have been deducted.

Plaintiff's theory is that the programme was to be set up and run for two years without change, except the changes in the cast and announcements, and that as to these the parties expressly specified that there should be no charge, and, the contract being silent as to the advertisements, any changes made by the transferring of advertisements from one part of the programme to another, or the insertion of new advertisements, were not within the contract, and should be paid for as extra work. It hardly seems reasonable that, where the parties were entering into an agreement for two years, the possibility of the insertion of new advertisements and the shifting of advertisements made necessary by the varying space occupied by the cast and announcements should not have been considered and covered. The contract provides: "Copy of or cast for insertion in the programmes shall be furnished each week three (3) days in advance of the time the first lot of programmes are to be delivered"—thus contemplating that for the week's issue of programmes "copy" is to be delivered to the printers.

If the only changes that could be made were to be in the cast, there would be no necessity for anything but the cast to be sent. The use of the disjunctive shows that, were there to be no change except in the cast, then copy need not be sent, but only the cast.

The plaintiff further contends that the provision in the preceding clause, that "the price of programmes, including alterations of cast and attraction announcements, is fourteen (14) dollars," shows that the only alterations contemplated were in the cast and attraction announcements. But the probabilities are that this clause refers to changes to be made during the week, as the necessities for such changes should arise, and does not refer to the weekly issue of the programme.

There is nothing in the record which shows the computation of interest, nor the dates from which interest could be computed on these two items. We do not, therefore, allow interest on these items.

We have examined the other exceptions in the case; but the result at which we have arrived does not make it necessary to give them further consideration.

The judgment should be reduced, by deducting therefrom $526.85, and, as modified, affirmed, without costs to either party as against the other. All concur.